1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Neda Mohammadzadeh, State Bar No. 313623
   E-Mail: nmzadeh@hurrellcantrall.com
3  HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
4  Los Angeles, California 90071
   Telephone: (213) 426-2000
5  Facsimile: (213) 426-2020

6  Attorneys for Defendant, SERGEANT INEZ

7

8              UNITED STATES DISTRICT COURT

9     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 KENNETH EARL MOORE,                CASE NO. 2:19-cv-08946-DSF(JPRx)

12          Plaintiff,                **DEFENDANT SERGEANT INDIA
                                       INEZ'S ANSWER TO PLAINTIFF'S
13     v.                             THIRD AMENDED COMPLAINT;
                                       DEMAND FOR JURY TRIAL**
14 CERRITOS, DEPUTY SHERIFF, LOS
   ANGELES COUNTY SHERIFF            [Assigned to Judge Dale S. Fischer,
15 DEPARTMENT, and INEZ,             Courtroom "7D"]
   SERGEANT, LOS ANGELES
16 COUNTY SHERIFF DEPARTMENT,        Action Filed:  10/17/19
                                      FAC Filed:     01/13/20
17          Defendants.               SAC Filed:     10/26/20
                                      TAC Filed:     02/07/21
18

19 TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

20         Defendant SERGEANT INDIA INEZ (hereinafter referred to as "Defendant")

21 for herself alone and for no other persons, entities, firms or corporations, hereby

22 answers to Plaintiff KENNETH EARL MOORE's (hereinafter referred to as

23 "Plaintiff") Third Amended Complaint ("TAC") as follows:

24                     **JURISDICTION AND VENUE**

25         1.    Answering paragraph number 1 of Plaintiff's TAC (under the header

26 "Jurisdiction and Venue"), Defendant acknowledges that Plaintiff alleges violations

27 of various laws of the United States Constitution.

28         2.    Answering paragraph number 2 of Plaintiff's TAC (under the header

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1    "Jurisdiction and Venue"), Defendant admits that venue is proper and that the
2    alleged incidents forming the basis of Plaintiff's allegations occurred within the
3    general area of the city of Los Angeles.

4    **PARTIES**

5    3.    Answering paragraph number 3 of Plaintiff's TAC (under the header
6    "Parties"), Defendant does not have sufficient knowledge, or information or belief,
7    to enable Defendant to answer the allegations contained within such paragraph, as
8    stated, and on those grounds denies generally and specifically each and every one of
9    the allegations contained therein.

10   4.    Answering paragraph number 4 of Plaintiff's TAC (under the header
11   "Parties"), Defendant admits that Defendant CERRITOS was a Deputy Sheriff with
12   the Los Angeles County Sheriff's Department ("LASD").   As to the remaining
13   allegations set forth under paragraph number 4, Defendant does not have sufficient
14   knowledge, or information or belief, to enable Defendant to answer the allegations
15   contained within such paragraph, as stated, and on those grounds denies generally
16   and specifically each and every one of the allegations contained therein.

17   5.    Answering paragraph number 5 of Plaintiff's TAC (under the header
18   "Parties"), Defendant admits that she is a peace officer employed by LASD.
19   Defendant admits that she was acting under color of state law and in the course and
20   scope of her employment with LASD at all relevant times.

21   6.    Answering paragraph number 6 of Plaintiff's TAC (under the header
22   "Parties"), Defendant denies generally and specifically any and all such allegations
23   in said paragraph.

24   **FACTUAL ALLEGATIONS**

25   7.    Answering paragraph number 7 of Plaintiff's TAC (under the header
26   "Factual Allegations"), as to any allegations regarding the underlying incident at
27   issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
28   omissions or misconduct involving Plaintiff and Defendant denies all liability to

Hurrell Cantrall LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
2  does not have sufficient knowledge, or information or belief, to enable Defendant to
3  answer the remaining allegations contained within such paragraph, as stated, and on
4  those grounds denies generally and specifically each and every one of the remaining
5  allegations contained therein.

6       8.     Answering paragraph number 8 of Plaintiff's TAC (under the header
7  "Factual Allegations"), as to any allegations regarding the underlying incident at
8  issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
9  omissions or misconduct involving Plaintiff and Defendant denies all liability to
10  Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
11  does not have sufficient knowledge, or information or belief, to enable Defendant to
12  answer the remaining allegations contained within such paragraph, as stated, and on
13  those grounds denies generally and specifically each and every one of the remaining
14  allegations contained therein.

15       9.     Answering paragraph number 9 of Plaintiff's TAC (under the header
16  "Factual Allegations"), as to any allegations regarding the underlying incident at
17  issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
18  omissions or misconduct involving Plaintiff and Defendant denies all liability to
19  Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
20  does not have sufficient knowledge, or information or belief, to enable Defendant to
21  answer the remaining allegations contained within such paragraph, as stated, and on
22  those grounds denies generally and specifically each and every one of the remaining
23  allegations contained therein.

24       10.     Answering paragraph number 10 of Plaintiff's TAC (under the header
25  "Factual Allegations"), as to any allegations regarding the underlying incident at
26  issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
27  omissions or misconduct involving Plaintiff and Defendant denies all liability to
28  Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

11. Answering paragraph number 11 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff. As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

12. Answering paragraph number 12 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff. As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

13. Answering paragraph number 13 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff. As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

14.     Answering paragraph number 14 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

15.     Answering paragraph number 15 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

16.     Answering paragraph number 16 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  those grounds denies generally and specifically each and every one of the remaining

2  allegations contained therein.

3      17.    Answering paragraph number 17 of Plaintiff's TAC (under the header

4  "Factual Allegations"), as to any allegations regarding the underlying incident at

5  issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or

6  omissions or misconduct involving Plaintiff and Defendant denies all liability to

7  Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant

8  does not have sufficient knowledge, or information or belief, to enable Defendant to

9  answer the remaining allegations contained within such paragraph, as stated, and on

10 those grounds denies generally and specifically each and every one of the remaining

11 allegations contained therein.

12     18.    Answering paragraph number 18 of Plaintiff's TAC (under the header

13 "Factual Allegations"), as to any allegations regarding the underlying incident at

14 issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or

15 omissions or misconduct involving Plaintiff and Defendant denies all liability to

16 Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant

17 does not have sufficient knowledge, or information or belief, to enable Defendant to

18 answer the remaining allegations contained within such paragraph, as stated, and on

19 those grounds denies generally and specifically each and every one of the remaining

20 allegations contained therein.

21     19.    Answering paragraph number 19 of Plaintiff's TAC (under the header

22 "Factual Allegations"), as to any allegations regarding the underlying incident at

23 issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or

24 omissions or misconduct involving Plaintiff and Defendant denies all liability to

25 Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant

26 does not have sufficient knowledge, or information or belief, to enable Defendant to

27 answer the remaining allegations contained within such paragraph, as stated, and on

28 those grounds denies generally and specifically each and every one of the remaining

1  allegations contained therein.

2      20.    Answering paragraph number 20 of Plaintiff's TAC (under the header
3  "Factual Allegations"), as to any allegations regarding the underlying incident at
4  issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
5  omissions or misconduct involving Plaintiff and Defendant denies all liability to
6  Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
7  does not have sufficient knowledge, or information or belief, to enable Defendant to
8  answer the remaining allegations contained within such paragraph, as stated, and on
9  those grounds denies generally and specifically each and every one of the remaining
10 allegations contained therein.

11     21.    Answering paragraph number 21 of Plaintiff's TAC (under the header
12 "Factual Allegations"), as to any allegations regarding the underlying incident at
13 issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
14 omissions or misconduct involving Plaintiff and Defendant denies all liability to
15 Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
16 does not have sufficient knowledge, or information or belief, to enable Defendant to
17 answer the remaining allegations contained within such paragraph, as stated, and on
18 those grounds denies generally and specifically each and every one of the remaining
19 allegations contained therein.

20     22.    Answering paragraph number 22 of Plaintiff's TAC (under the header
21 "Factual Allegations"), as to any allegations regarding the underlying incident at
22 issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
23 omissions or misconduct involving Plaintiff and Defendant denies all liability to
24 Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
25 does not have sufficient knowledge, or information or belief, to enable Defendant to
26 answer the remaining allegations contained within such paragraph, as stated, and on
27 those grounds denies generally and specifically each and every one of the remaining
28 allegations contained therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

23.   Answering paragraph number 23 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.   As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

24.   Answering paragraph number 24 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.   As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

25.   Answering paragraph number 25 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.   As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

26.   Answering paragraph number 26 of Plaintiff's TAC (under the header

Hurrell Cantrall LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

"Factual Allegations"), Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

27.   Answering paragraph number 27 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

28.   Answering paragraph number 28 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

29.   Answering paragraph number 29 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

30.   Answering paragraph number 30 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant

does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

31.     Answering paragraph number 31 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

32.     Answering paragraph number 32 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

33.     Answering paragraph number 33 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

34.     Answering paragraph number 34 of Plaintiff's TAC (under the header

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

"Factual Allegations"), Defendant admits that Plaintiff participated in a "sexual assault video interview" that was conducted by Defendant. As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

35.     Answering paragraph number 35 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant denies generally and specifically each and every one of the allegations contained therein.

36.     Answering paragraph number 36 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant denies generally and specifically each and every one of the allegations contained therein.

37.     Answering paragraph number 37 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant denies generally and specifically each and every one of the allegations contained therein.

38.     Answering paragraph number 38 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant denies generally and specifically each and every one of the allegations contained therein.

39.     Answering paragraph number 39 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant denies generally and specifically each and every one of the allegations contained therein.

40.     Answering paragraph number 40 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant admits that a "sexual assault video interview" was conducted.

41.     Answering paragraph number 41 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

42.   Answering paragraph number 42 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

43.   Answering paragraph number 43 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

44.   Answering paragraph number 44 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant denies generally and specifically each and every one of the allegations contained therein.

45.   Answering paragraph number 45 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant denies generally and specifically each and every

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1   one of the allegations contained therein.

2       46.    Answering paragraph number 46 of Plaintiff's TAC (under the header
3   "Factual Allegations"), as to any allegations regarding the underlying incident at
4   issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
5   omissions or misconduct involving Plaintiff and Defendant denies all liability to
6   Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
7   does not have sufficient knowledge, or information or belief, to enable Defendant to
8   answer the remaining allegations contained within such paragraph, as stated, and on
9   those grounds denies generally and specifically each and every one of the remaining
10  allegations contained therein.

11      47.    Answering paragraph number 47 of Plaintiff's TAC (under the header
12  "Factual Allegations"), Defendant denies generally and specifically each and every
13  one of the allegations contained therein.

14      48.    Answering paragraph number 48 of Plaintiff's TAC (under the header
15  "Factual Allegations"), as to any allegations regarding the underlying incident at
16  issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
17  omissions or misconduct involving Plaintiff and Defendant denies all liability to
18  Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
19  does not have sufficient knowledge, or information or belief, to enable Defendant to
20  answer the remaining allegations contained within such paragraph, as stated, and on
21  those grounds denies generally and specifically each and every one of the remaining
22  allegations contained therein.

23      49.    Answering paragraph number 49 of Plaintiff's TAC (under the header
24  "Factual Allegations"), Defendant denies generally and specifically each and every
25  one of the allegations contained therein.

26      50.    Answering paragraph number 50 of Plaintiff's TAC (under the header
27  "Factual Allegations"), Defendant denies generally and specifically each and every
28  one of the allegations contained therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

51.     Answering paragraph number 51 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant denies generally and specifically each and every one of the allegations contained therein.

52.     Answering paragraph number 52 of Plaintiff's TAC (under the header "Factual Allegations"), Defendant denies generally and specifically each and every one of the allegations contained therein.

53.     Answering paragraph number 53 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

54.     Answering paragraph number 54 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

55.     Answering paragraph number 55 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

56.    Answering paragraph number 56 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

57.    Answering paragraph number 57 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

58.    Answering paragraph number 58 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

59.    Answering paragraph number 59 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

60.    Answering paragraph number 60 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

61.    Answering paragraph number 61 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1 answer the remaining allegations contained within such paragraph, as stated, and on
2 those grounds denies generally and specifically each and every one of the remaining
3 allegations contained therein.

4      62.    Answering paragraph number 62 of Plaintiff's TAC (under the header
5 "Factual Allegations"), as to any allegations regarding the underlying incident at
6 issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
7 omissions or misconduct involving Plaintiff and Defendant denies all liability to
8 Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
9 does not have sufficient knowledge, or information or belief, to enable Defendant to
10 answer the remaining allegations contained within such paragraph, as stated, and on
11 those grounds denies generally and specifically each and every one of the remaining
12 allegations contained therein.

13      63.    Answering paragraph number 63 of Plaintiff's TAC (under the header
14 "Factual Allegations"), as to any allegations regarding the underlying incident at
15 issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
16 omissions or misconduct involving Plaintiff and Defendant denies all liability to
17 Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
18 does not have sufficient knowledge, or information or belief, to enable Defendant to
19 answer the remaining allegations contained within such paragraph, as stated, and on
20 those grounds denies generally and specifically each and every one of the remaining
21 allegations contained therein.

22      64.    Answering paragraph number 64 of Plaintiff's TAC (under the header
23 "Factual Allegations"), as to any allegations regarding the underlying incident at
24 issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
25 omissions or misconduct involving Plaintiff and Defendant denies all liability to
26 Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
27 does not have sufficient knowledge, or information or belief, to enable Defendant to
28 answer the remaining allegations contained within such paragraph, as stated, and on

1 those grounds denies generally and specifically each and every one of the remaining
2 allegations contained therein.

3      65.    Answering paragraph number 65 of Plaintiff's TAC (under the header
4 "Factual Allegations"), as to any allegations regarding the underlying incident at
5 issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
6 omissions or misconduct involving Plaintiff and Defendant denies all liability to
7 Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
8 does not have sufficient knowledge, or information or belief, to enable Defendant to
9 answer the remaining allegations contained within such paragraph, as stated, and on
10 those grounds denies generally and specifically each and every one of the remaining
11 allegations contained therein.

12      66.    Answering paragraph number 66 of Plaintiff's TAC (under the header
13 "Factual Allegations"), as to any allegations regarding the underlying incident at
14 issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
15 omissions or misconduct involving Plaintiff and Defendant denies all liability to
16 Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
17 does not have sufficient knowledge, or information or belief, to enable Defendant to
18 answer the remaining allegations contained within such paragraph, as stated, and on
19 those grounds denies generally and specifically each and every one of the remaining
20 allegations contained therein.

21      67.    Answering paragraph number 67 of Plaintiff's TAC (under the header
22 "Factual Allegations"), as to any allegations regarding the underlying incident at
23 issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or
24 omissions or misconduct involving Plaintiff and Defendant denies all liability to
25 Plaintiff.  As to the remaining allegations in this paragraph, at present, Defendant
26 does not have sufficient knowledge, or information or belief, to enable Defendant to
27 answer the remaining allegations contained within such paragraph, as stated, and on
28 those grounds denies generally and specifically each and every one of the remaining

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

allegations contained therein.

68.    Answering paragraph number 68 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.   As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

69.    Answering paragraph number 69 of Plaintiff's TAC (under the header "Factual Allegations"), as to any allegations regarding the underlying incident at issue in Plaintiff's claims, Defendant denies that she engaged in any unlawful acts or omissions or misconduct involving Plaintiff and Defendant denies all liability to Plaintiff.   As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

## CAUSE OF ACTION

## FIRST CLAIM FOR RELIEF

## Sexual Battery in Violation of Cal. Code § 1708.5 Against Defendant Cerritos

70.    Answering paragraph number 70 of Plaintiff's TAC (under the header "First Claim for Relief – Sexual Battery in Violation of Cal. Code § 1708.5"), this paragraph realleges and incorporates Plaintiff's allegations in the preceding paragraphs. Accordingly, in response to this paragraph, Defendant incorporates by reference here Defendant's answers to each of the corresponding and aforementioned allegations and/or paragraphs of Plaintiff's TAC.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

71.     Answering paragraph number 71 of Plaintiff's TAC (under the header "First Claim for Relief – Sexual Battery in Violation of Cal. Code § 1708.5"), this paragraph sets forth legal conclusions and questions of law to which no response is required.

72.     Answering paragraph number 72 of Plaintiff's TAC (under the header "First Claim for Relief – Sexual Battery in Violation of Cal. Code § 1708.5"), this paragraph sets forth legal conclusions and questions of law to which no response is required.

73.     Answering paragraph number 73 of Plaintiff's TAC (under the header "First Claim for Relief – Sexual Battery in Violation of Cal. Code § 1708.5"), the allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

74.     Answering paragraph number 74 of Plaintiff's TAC (under the header "First Claim for Relief – Sexual Battery in Violation of Cal. Code § 1708.5"), the allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

75.     Answering paragraph number 75 of Plaintiff's TAC (under the header "First Claim for Relief – Sexual Battery in Violation of Cal. Code § 1708.5"), the allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, and on those grounds denies generally and specifically each and every one of the allegations

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

contained therein.

76. Answering paragraph number 76 of Plaintiff's TAC (under the header "First Claim for Relief – Sexual Battery in Violation of Cal. Code § 1708.5"), the allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

77. Answering paragraph number 77 of Plaintiff's TAC (under the header "First Claim for Relief – Sexual Battery in Violation of Cal. Code § 1708.5"), the allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

## SECOND CLAIM FOR RELIEF

## LIABILITY OF ALL DEFENDANTS UNDER 42 U.S.C. § 1983

## (RETALIATION IN VIOLATION OF THE FIRST AMENDMENT)

78. Answering paragraph number 78 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), this paragraph realleges and incorporates Plaintiff's allegations in the preceding paragraphs. Accordingly, in response to this paragraph, Defendant incorporates by reference here Defendant's answers to each of the corresponding and aforementioned allegations and/or paragraphs of Plaintiff's TAC.

79. Answering paragraph number 79 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant admits that she was acting under color of state law and in the course and scope of her

employment with LASD at all relevant times.  As to allegations in this paragraph pertaining to co-defendant Deputy Jesse Cerritos, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

80.     Answering paragraph number 80 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

81.     Answering paragraph number 81 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

82.     Answering paragraph number 82 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

generally and specifically each and every one of the remaining allegations contained therein.

83. Answering paragraph number 83 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph. As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

84. Answering paragraph number 84 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph. As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

85. Answering paragraph number 85 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph. As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

therein.

86.     Answering paragraph number 86 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

87.     Answering paragraph number 87 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

88.     Answering paragraph number 88 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

89.     Answering paragraph number 89 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

90.     Answering paragraph number 90 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), Defendant acknowledges that Plaintiff seeks punitive damages requested in this paragraph, but denies each and every allegation in such paragraph to the extent Plaintiff contends such damages are recoverable from Defendant.

91.     Answering paragraph number 91 of Plaintiff's TAC (under the header "Second Claim for Relief – Retaliation in Violation of the First Amendment"), Defendant acknowledges that Plaintiff seeks attorney's fees and costs and expenses requested in this paragraph, but denies each and every allegation in such paragraph to the extent Plaintiff contends such fees, costs and expenses are recoverable from the Defendant.

## THIRD CLAIM FOR RELIEF

## LIABILITY OF DEFENDANT CERRITOS UNDER 42 U.S.C. § 1983
## (FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT)

92.     Answering paragraph number 92 of Plaintiff's TAC (under the header "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), this paragraph realleges and incorporates Plaintiff's allegations in the preceding paragraphs. Accordingly, in response to this paragraph, Defendant incorporates by reference here Defendant's answers to each of the corresponding and

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  aforementioned allegations and/or paragraphs of Plaintiff's TAC.

2      93.    Answering paragraph number 93 of Plaintiff's TAC (under the header
3  "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
4  allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
5  Defendant does not have sufficient knowledge, or information or belief, to enable
6  Defendant to answer the allegations contained within such paragraph, and on those
7  grounds denies generally and specifically each and every one of the allegations
8  contained therein.

9      94.    Answering paragraph number 94 of Plaintiff's TAC (under the header
10 "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
11 allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
12 Defendant does not have sufficient knowledge, or information or belief, to enable
13 Defendant to answer the allegations contained within such paragraph, and on those
14 grounds denies generally and specifically each and every one of the allegations
15 contained therein.

16     95.    Answering paragraph number 95 of Plaintiff's TAC (under the header
17 "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
18 allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
19 Defendant does not have sufficient knowledge, or information or belief, to enable
20 Defendant to answer the allegations contained within such paragraph, and on those
21 grounds denies generally and specifically each and every one of the allegations
22 contained therein.

23     96.    Answering paragraph number 96 of Plaintiff's TAC (under the header
24 "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
25 allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
26 Defendant does not have sufficient knowledge, or information or belief, to enable
27 Defendant to answer the allegations contained within such paragraph, and on those
28 grounds denies generally and specifically each and every one of the allegations

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  contained therein.

2      97.   Answering paragraph number 97 of Plaintiff's TAC (under the header

3  "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the

4  allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,

5  Defendant does not have sufficient knowledge, or information or belief, to enable

6  Defendant to answer the allegations contained within such paragraph, and on those

7  grounds denies generally and specifically each and every one of the allegations

8  contained therein.

9      98.   Answering paragraph number 98 of Plaintiff's TAC (under the header

10  "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the

11  allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,

12  Defendant does not have sufficient knowledge, or information or belief, to enable

13  Defendant to answer the allegations contained within such paragraph, and on those

14  grounds denies generally and specifically each and every one of the allegations

15  contained therein.

16      99.   Answering paragraph number 99 of Plaintiff's TAC (under the header

17  "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the

18  allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,

19  Defendant does not have sufficient knowledge, or information or belief, to enable

20  Defendant to answer the allegations contained within such paragraph, and on those

21  grounds denies generally and specifically each and every one of the allegations

22  contained therein.

23      100.   Answering paragraph number 100 of Plaintiff's TAC (under the header

24  "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the

25  allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,

26  Defendant does not have sufficient knowledge, or information or belief, to enable

27  Defendant to answer the allegations contained within such paragraph, and on those

28  grounds denies generally and specifically each and every one of the allegations

1 | contained therein.

2 |      101.   Answering paragraph number 101 of Plaintiff's TAC (under the header
3 | "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
4 | allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
5 | Defendant does not have sufficient knowledge, or information or belief, to enable
6 | Defendant to answer the allegations contained within such paragraph, and on those
7 | grounds denies generally and specifically each and every one of the allegations
8 | contained therein.

9 |      102.   Answering paragraph number 102 of Plaintiff's TAC (under the header
10 | "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
11 | allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
12 | Defendant does not have sufficient knowledge, or information or belief, to enable
13 | Defendant to answer the allegations contained within such paragraph, and on those
14 | grounds denies generally and specifically each and every one of the allegations
15 | contained therein.

16 |      103.   Answering paragraph number 103 of Plaintiff's TAC (under the header
17 | "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
18 | allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
19 | Defendant does not have sufficient knowledge, or information or belief, to enable
20 | Defendant to answer the allegations contained within such paragraph, and on those
21 | grounds denies generally and specifically each and every one of the allegations
22 | contained therein.

23 |      104.   Answering paragraph number 104 of Plaintiff's TAC (under the header
24 | "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
25 | allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
26 | Defendant does not have sufficient knowledge, or information or belief, to enable
27 | Defendant to answer the allegations contained within such paragraph, and on those
28 | grounds denies generally and specifically each and every one of the allegations

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  contained therein.

2      105.  Answering paragraph number 105 of Plaintiff's TAC (under the header
3  "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
4  allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
5  Defendant does not have sufficient knowledge, or information or belief, to enable
6  Defendant to answer the allegations contained within such paragraph, and on those
7  grounds denies generally and specifically each and every one of the allegations
8  contained therein.

9      106.  Answering paragraph number 106 of Plaintiff's TAC (under the header
10  "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
11  allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
12  Defendant does not have sufficient knowledge, or information or belief, to enable
13  Defendant to answer the allegations contained within such paragraph, and on those
14  grounds denies generally and specifically each and every one of the allegations
15  contained therein.

16      107.  Answering paragraph number 107 of Plaintiff's TAC (under the header
17  "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
18  allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
19  Defendant does not have sufficient knowledge, or information or belief, to enable
20  Defendant to answer the allegations contained within such paragraph, and on those
21  grounds denies generally and specifically each and every one of the allegations
22  contained therein.

23      108.  Answering paragraph number 108 of Plaintiff's TAC (under the header
24  "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the
25  allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,
26  Defendant does not have sufficient knowledge, or information or belief, to enable
27  Defendant to answer the allegations contained within such paragraph, and on those
28  grounds denies generally and specifically each and every one of the allegations

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1    contained therein.

2        109.   Answering paragraph number 109 of Plaintiff's TAC (under the header

3    "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the

4    allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,

5    Defendant does not have sufficient knowledge, or information or belief, to enable

6    Defendant to answer the allegations contained within such paragraph, and on those

7    grounds denies generally and specifically each and every one of the allegations

8    contained therein.

9        110.   Answering paragraph number 110 of Plaintiff's TAC (under the header

10   "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the

11   allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,

12   Defendant does not have sufficient knowledge, or information or belief, to enable

13   Defendant to answer the allegations contained within such paragraph, and on those

14   grounds denies generally and specifically each and every one of the allegations

15   contained therein.

16       111.   Answering paragraph number 111 of Plaintiff's TAC (under the header

17   "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the

18   allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,

19   Defendant does not have sufficient knowledge, or information or belief, to enable

20   Defendant to answer the allegations contained within such paragraph, and on those

21   grounds denies generally and specifically each and every one of the allegations

22   contained therein.

23       112.   Answering paragraph number 112 of Plaintiff's TAC (under the header

24   "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the

25   allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such,

26   Defendant does not have sufficient knowledge, or information or belief, to enable

27   Defendant to answer the allegations contained within such paragraph, and on those

28   grounds denies generally and specifically each and every one of the allegations

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

contained therein.

113.    Answering paragraph number 113 of Plaintiff's TAC (under the header "Third Claim for Relief – False Arrest in Violation of the Fourth Amendment"), the allegations in this paragraph pertain to co-defendant Deputy Jesse Cerritos. As such, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

## FOURTH CLAIM FOR RELIEF

### LIABILITY OF ALL DEFENDANTS UNDER 42 U.S.C. § 1983
### (CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE
### EIGHTH AMENDMENT AND FOURTEENTH AMENDMENT)

114.    Answering paragraph number 114 of Plaintiff's TAC (under the header "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendment"), this paragraph realleges and incorporates Plaintiff's allegations in the preceding paragraphs. Accordingly, in response to this paragraph, Defendant incorporates by reference here Defendant's answers to each of the corresponding and aforementioned allegations and/or paragraphs of Plaintiff's TAC.

115.    Answering paragraph number 115 of Plaintiff's TAC (under the header "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant admits that she was acting under color of state law and in the course and scope of her employment with LASD at all relevant times.  As to allegations in this paragraph pertaining to co-defendant Deputy Jesse Cerritos, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

116.   Answering paragraph number 116 of Plaintiff's TAC (under the header "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

117.   Answering paragraph number 117 of Plaintiff's TAC (under the header "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

118.   Answering paragraph number 118 of Plaintiff's TAC (under the header "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendment"), Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the allegations contained therein.

119.   Answering paragraph number 119 of Plaintiff's TAC (under the header "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-32-

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

120.   Answering paragraph number 120 of Plaintiff's TAC (under the header "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

121.   Answering paragraph number 121 of Plaintiff's TAC (under the header "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the remaining allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every one of the remaining allegations contained therein.

122.   Answering paragraph number 122 of Plaintiff's TAC (under the header "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendment"), as it pertains to any allegations relating to the answering Defendant, Defendant denies generally and specifically any and all such allegations in said paragraph.  As to the remaining allegations in this paragraph,

1  Defendant does not have sufficient knowledge, or information or belief, to enable
2  Defendant to answer the remaining allegations contained within such paragraph, as
3  stated, and on those grounds denies generally and specifically each and every one of
4  the remaining allegations contained therein.

5       123.   Answering paragraph number 115 of Plaintiff's TAC (under the header
6  "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth
7  and Fourteenth Amendment"), Defendant acknowledges that Plaintiff seeks punitive
8  damages requested in this paragraph, but denies each and every allegation in such
9  paragraph to the extent Plaintiff contends such damages are recoverable from
10  Defendant.

11      124.   Answering paragraph number 124 of Plaintiff's TAC (under the header
12  "Fourth Claim for Relief – Cruel and Unusual Punishment in Violation of the Eighth
13  and Fourteenth Amendment"), Defendant acknowledges that Plaintiff seeks
14  attorney's fees and costs and expenses requested in this paragraph, but denies each
15  and every allegation in such paragraph to the extent Plaintiff contends such fees,
16  costs and expenses are recoverable from the Defendant.

17                          **PRAYER FOR RELIEF**

18      In answering to Plaintiff's prayer for damages, the answering Defendant
19  denies generally and specifically each and every allegation contained therein as it
20  refers to the answering Defendant, and further denies that Plaintiff is entitled to an
21  award of damages or any other relief as a result of any action or omission by the
22  answering Defendant.

23                        **AFFIRMATIVE DEFENSES**

24      Defendant pleads the following separate defenses.  Defendant reserves the
25  right to assert additional affirmative defenses that discovery indicates are proper.
26  As separate and affirmative defenses, Defendant allege as follows:
27  / / /
28  / / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-34-

**HURRELL CANTRALL LLP**
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff's TAC fails to state a claim upon which relief can be granted. Plaintiff's TAC also fails to state a claim against the answering Defendant in this action.

## SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff has failed to allege in the TAC sufficient facts to state a claim for compensatory or punitive damages for any action taken by the answering Defendant in her individual or official capacity.

## THIRD AFFIRMATIVE DEFENSE

3.    The answering Defendant denies that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the Constitution or laws of the United States or by the Constitution or laws of the State of California, and therefore Defendant is immune from liability.

## FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiff's action is time-barred by the operative statute(s) of limitations.

## FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff's action is barred by laches and delay on the Plaintiff's part to the prejudice of the answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

6.    The Complaint is barred based on Plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit, including but not limited to all remedies pursuant to 42 U.S.C. § 1997e.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiff's recovery is barred because the factual allegations of the TAC do not correspond with the facts set forth in Plaintiff's filed grievances. The TAC thereby alleges a factual basis for recovery, which is not fairly reflected in the written grievances.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's claims are barred or limited by Plaintiff's own conduct, acts, or omissions, and to the extent Plaintiff suffered any injury or damages, it was the result of Plaintiff's own actions or omissions.

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff's recovery is barred because any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts, conduct, and/or requests. The conduct set forth in the TAC, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and therefore no action may be taken against the answering Defendant on account of such conduct.

## TENTH AFFIRMATIVE DEFENSE

10.     Defendant alleges that Plaintiff's action is barred by reason of conduct, as Plaintiff's actions and inactions amount to and constitute a waiver of any right Plaintiff may or might have had in reference to the matters and things alleged in the TAC, or that such conduct otherwise estops Plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendant alleges that Plaintiff's TAC, and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate Plaintiff's injuries or damages, if there were any.  Plaintiff has failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendant is informed and believes and thereon alleges that if Plaintiff sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering Defendant.  To the extent that any Plaintiff's damages were so caused, any recovery by Plaintiff as against the answering Defendant should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Defendant alleges that Plaintiff's TAC, and each claim contained therein, is barred on the ground that the answering Defendant was not the cause in fact of any alleged damage, injury, or loss to Plaintiff, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Defendant alleges that Plaintiff's TAC, and each claim contained therein, is barred on the ground that the answering Defendant was not a substantial cause of any alleged damage, injury or loss to Plaintiff, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's recovery is barred because employees of a public entity are immune from liability for discharging their mandatory duties with reasonable diligence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     The answering Defendant, at all times relevant to this action, acted reasonably and prudently under the circumstances. Answering Defendant therefore asserts the individual peace officer's Qualified Immunity from liability to the fullest extent applicable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     The answering Defendant is immune from liability under the Federal Civil Rights Act because she acted in good faith with an honest and reasonable

belief that her actions were necessary and appropriate.  The answering Defendant is immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that her actions and conduct was appropriate.  The answering Defendant is immune from liability under the Federal Civil Rights Act because her conduct did not violate clearly established rights.  The answering Defendant is also immune from liability under the doctrine of Qualified Immunity.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## NINETEENTH AFFIRMATIVE DEFENSE

19.    At all relevant times, the answering Defendant acted within the scope of discretion, with due care, and a good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that her actions comported with all applicable federal and state laws.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    At the times and places referred to in Plaintiff's TAC, and before such event, Plaintiff knew, appreciated, and understood each and every risk involved in placing herself in the position which Plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, or lawful deprivation of rights.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    The TAC is barred under the doctrine of collateral estoppel (issue preclusion) and/or res judicata (claim preclusion).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Answering Defendant alleges that any recovery by Plaintiff pursuant to the Complaint and the purported causes of action contained therein, are governed, controlled, and limited by the provisions of *Civil Code* § 1430, *et seq*., including but not limited to §§ 1431 and 1432.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    The answering Defendant owed no legal duty to Plaintiff as described

1  in Plaintiff's TAC, or otherwise.

2  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

3  24.    To the extent that Plaintiff suffered any detriment, such detriment was

4  unavoidable.

5  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

6  25.    The answering Defendant asserts that Plaintiff is barred from pursuing

7  the claims set forth in her TAC by virtue of her lack of standing.

8  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

9  26.    The answering Defendant is informed and believes and thereon alleges

10  that the damages complained of in Plaintiff's TAC, if any, resulted from an

11  unforeseeable and superseding cause, thereby barring either partially or totally,

12  Plaintiff's claimed damages herein.    The answering Defendant is informed and

13  believes and thereon alleges that each and all of the purported causes of action and

14  theories of relief asserted by Plaintiff in the TAC is barred by virtue of an

15  independent intervening cause.

16  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

17  27.    Plaintiff's claims are barred for failure to join an indispensable party

18  under *Federal Rule of Civil Procedure* 19.

19  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

20  28.    At no time and place mentioned in the TAC, did the answering

21  Defendant act with deliberate indifference or malicious intent to deprive Plaintiff of

22  any Constitutional or legal right, or cause any other injury and, therefore, Defendant

23  is immune from liability.

24  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

25  29.    Plaintiff's claims under the Federal Civil Right Act are barred because

26  the complaint fails to allege facts that go beyond mere tortious conduct and rise to

27  the level of a civil rights violation.

28  / / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## THIRTIETH AFFIRMATIVE DEFENSE

30.    Plaintiff's claims are barred in that the conduct of the answering Defendant was necessary for the defense of others.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    Plaintiff's claims against Answering Defendant is barred by the doctrine of consent.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    Plaintiff's claims against Answering Defendant and requests for relief are barred, in whole or in part, by her failure to exhaust remedies under the Prison Litigation Reform Act ("PLRA").

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Defendant alleges that the Plaintiff's claims are barred pursuant to 42 U.S.C. § 1997(e), 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e) and/or or under the Prisoner's Litigation Reform Act ("PLRA").

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    Defendant contends that Plaintiff's request for attorneys' fees as sought in Plaintiff's TAC, is limited by the PLRA.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    Answering Defendant alleges that the conduct, if any, which is the subject of Plaintiff's TAC was absolutely and/or conditionally legally privileged, and/or justified.  Further, all actions by Answering Defendant were in good faith and reasonable.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    Answering Defendant alleges that she is shielded from liability for civil damages insofar as the conduct in this case did not violate any statutory or constitutional right of which a reasonable person would have known.

/ / /

/ / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## RESERVATION OF AFFIRMATIVE DEFENSES

Because the Complaint is couched in vague and conclusory terms, the answering Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the answering Defendant hereby reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of Plaintiff's claims, or elements thereof.

WHEREFORE, the answering Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by reason of her TAC, and that judgment be entered in favor of Defendant;

2.     That Defendant recover her costs of suit incurred herein, including reasonable attorneys' fees, and;

3.     For such other and further relief as the Court deems proper and just.


DATED: February 22, 2021          HURRELL CANTRALL LLP



By:  /s/ Neda Mohammadzadeh
      THOMAS C. HURRELL
      NEDA MOHAMMADZADEH
      Attorneys for Defendant, SERGEANT
      INEZ

## **DEMAND FOR JURY TRIAL**

Defendant SERGEANT INDIA INEZ respectfully demands a trial by jury on all claims in the within action as provided by *Federal Rules of Civil Procedure*, Rule 38(a) and (b).

DATED: February 22, 2021        HURRELL CANTRALL LLP


By:  /s/ Neda Mohammadzadeh
    THOMAS C. HURRELL
    NEDA MOHAMMADZADEH
    Attorneys for Defendant, SERGEANT
    INEZ

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000