1  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
2  Neda Mohammadzadeh, State Bar No. 313623
   E-Mail: nmzadeh@hurrellcantrall.com
3  HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
4  Los Angeles, California 90071
   Telephone: (213) 426-2000
5  Facsimile: (213) 426-2020

6  Attorneys for Defendant, SERGEANT INEZ

7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 KENNETH EARL MOORE,                  CASE NO. 2:19-cv-08946-DSF(JPRx)

12         Plaintiff,                   [Assigned to Judge Dale S. Fischer, Courtroom "7D"]

13     v.                              **DEFENDANTS SERGEANT INDIA INEZ AND DEPUTY JESSE**
14 CERRITOS, DEPUTY SHERIFF, LOS        **CERRITOS' JOINT MOTION TO**
   ANGELES COUNTY SHERIFF               **DISMISS FOR FAILURE TO**
15 DEPARTMENT, and INEZ,               **PROSECUTE; MEMORANDUM OF**
   SERGEANT, LOS ANGELES               **POINTS AND AUTHORITIES;**
16 COUNTY SHERIFF DEPARTMENT,          **[PROPOSED] ORDER**

17         Defendants.                 **Filed Concurrently With:**
                                           **1. Declaration of Diane Martinez,**
18                                             **Esq.**

19                                      **DATE: July 12, 2021**
20                                      **TIME: 1:30 a.m.**
                                        **DEPT.: "7D"**
21
                                        Action Filed:  10/17/19
22                                      FAC Filed:     01/13/20
                                        SAC Filed:     10/26/20
23                                      TAC Filed:     02/07/21

24

25 TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS:

26        PLEASE TAKE NOTICE THAT on July 12, 2021 at 1:30 p.m., or as soon

27 thereafter as this matter may be heard, in Courtroom "7D" of the above-entitled

28 Court, defendants SERGEANT INDIA INEZ ("Sergeant Inez") and DEPUTY

1  JESSE CERRITOS ("Deputy Cerritos") (collectively, "Defendants") will move this

2  Court for an Order granting their Joint Motion to Dismiss for Failure to Prosecute,

3  pursuant to *Federal Rules of Civil Procedure*, Rule 41(b).

4      Defendants bring the Motion for Failure to Prosecute on the grounds that

5  Plaintiff's counsel has failed to comply with the initial disclosure requirement set

6  forth in *Federal Rules of Civil Procedure*, Rule 26(f). Furthermore, Defendants

7  bring this motion on the grounds that Plaintiff's counsel has failed to prosecute this

8  action, namely, by failing produce his client for deposition and unreasonably

9  delaying litigation of this matter.

10     This motion is made following Defendants' attempt to meet and confer with

11 Plaintiff's counsel pursuant to *Local Rule* 7-3. (See Declaration of Diane Martinez

12 in Support of Defendant's Motion to Dismiss, ¶¶ 3-6.)

13     This motion will be based upon this Notice, the attached Memorandum of

14 Points and Authorities filed concurrently herewith, the Declaration of Diane

15 Martinez, Esq. and all exhibits, papers, pleadings and documents contained on file,

16 all matters upon which the Court may take judicial notice, and upon all further oral

17 and documentary evidence as may be presented at the time of the hearing on this

18 motion.

19

20 DATED: June 1, 2021           HURRELL CANTRALL LLP

21

22

23                    By:  */s/ Neda Mohammadzadeh*
                          THOMAS C. HURRELL
24                        NEDA MOHAMMADZADEH
                          Attorneys for Defendant, SERGEANT
25                        INEZ

26

27

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION.**

3      This matter arises out of the alleged sexual assault of plaintiff KENNETH

4   EARL MOORE ("Plaintiff") by Defendant DEPUTY JESSE CERRITOS ("Deputy

5   Cerritos") while she[1] was homeless, on parole and working as a prostitute in the area

6   of Downtown Los Angeles.   Plaintiff alleges that in early September of 2018,

7   Deputy Cerritos, while dressed in a Los Angeles County Sheriff's Department

8   ("LASD") uniform, arrested her and forced her to perform oral sex on him while he

9   held a gun to her head.   Thereafter, on September 19, 2018, Plaintiff was taken into

10  custody and ultimately reported the alleged out-of-custody sexual assault by Deputy

11  Cerritos.   As a result, Plaintiff was to participate in a sexual assault video interview

12  to be conducted by Defendant SERGEANT INDIA INEZ ("Sergeant Inez").

13  Plaintiff alleges that during this interview, Sergeant Inez verbally harassed her and

14  threatened her with physical violence if Plaintiff elected to pursue her sexual assault

15  claim against Deputy Cerritos, and threatened to deny her a sexual assault recorded

16  interview despite the fact that she was in fact afforded a sexual assault recorded

17  interview that same day.   Plaintiff further alleges that after she filed a grievance on

18  October 12, 2018, Sergeant Inez threatened her with physical violence and removal

19  from her classified transgender housing dorm (dorm 9500) into a mental health

20  dorm (dorm 9300).   On October 30, 2018 – after she was transferred to the mental-

21  health dorm – Plaintiff alleges that she was attacked by an inmate/patient at the

22  behest of Sergeant Inez.   Moreover, Plaintiff alleges that Sergeant Inez (1) prevented

23  her grievances from going through to the grievance coordinator for processing; and

24  (2) denied her access to the court, the legal mailing system, and the law library.

25

26  [1] Plaintiff identifies as a transgender female (see, e.g., Plaintiff's Second Amended

27  Complaint at ¶¶ 13, 27). Accordingly, feminine pronouns will be used when
    referring to her throughout this Motion.

28

As set forth in her Third Amended Complaint ("TAC"), Plaintiff alleges the following causes of action: (1) Sexual Battery in violation of California *Civil Code* § 1708.5 against Deputy Cerritos; (2) Retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983 against Defendants; (3) False Arrest in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 against Deputy Cerritos; and (4) Cruel and Unusual Punishment in violation of the Eighth Amendment and Fourteenth Amendment against Defendants.

## II.   PROCEDURAL HISTORY.

### A.   Procedural History as it Relates to the Pleadings

Plaintiff filed the instant action, proceeding *pro se*, in the U.S. District Court for the Central District of California on October 17, 2019, naming Sheriff Alex Villanueva ("Sheriff Villanueva"), Deputy Cerritos, and Sergeant Inez as defendants.  (*See* Dkt. No. 1.)  Based on a numerous shortcomings and deficiencies, the Court issued an Order dismissing Plaintiff's Complaint on December 12, 2019, but granted Plaintiff leave to amend in order to cure these deficiencies.  (*See* Dkt. No. 10.)  Thereafter, on January 20, 2020, Plaintiff, still proceeding *pro se*, filed her First Amended Complaint ("FAC"), naming Sheriff Villanueva, Deputy Cerritos, and Sergeant Inez as defendants.  (*See* Dkt. No. 14.)   Because Plaintiff's third claim against Sheriff Villanueva still suffered from the same defects as those identified in the December 12, 2019 screening Order (Dkt. No. 10), the Court dismissed Sheriff Villanueva from this lawsuit **with prejudice**.  (*See* Dkt. No. 15.)

On July 30, 2020, Keith Altman, Esq. substituted in as counsel of record for Plaintiff.  (*See* Dkt. No. 27.)   Pursuant to a stipulation entered by the parties, Plaintiff filed her Second Amended Complaint ("SAC") with the Court on October 26, 2020.  (*See* Dkt. No. 35.)   On November 30, 2020, Sergeant Inez filed her Motion to Dismiss and Motion to Strike Plaintiff's SAC as it pertains to the allegations against her.  (*See* Dkt. No. 37.)   On January 15, 2021, the Court issued its ruling granting in part and denying in part Sergeant Inez's motion with leave to

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1 amend.  (*See* Dkt. No. 49.)  Thereafter, on February 7, 2021, Plaintiff filed her Third

2 Amended Complaint ("TAC") with the Court against Defendants Sergeant Inez and

3 Deputy Cerritos.  (*See* Dkt. No. 50.)

4 **B. Procedural History as it Relates to Litigation of This Matter.**

5 On December 2, 2020, this Court issued its Order Setting Scheduling

6 Conference for January 11, 2021.  (*See* Dkt. No. 40.)  In light of the Scheduling

7 Conference date set by this Court, the parties were to participate in the Rule 26

8 Conference of Counsel no later than December 21, 2021, as required by *Federal*

9 *Rules of Civil Procedure*, Rule 26(f).  On December 2, 2020, counsel for Sergeant

10 Inez, Diane Martinez, Esq., sent an e-mail to all counsel advising of this deadline

11 and her availability, and requested that they each provide their availability in order

12 to schedule a time to conduct the Rule 26 Conference of Counsel.  (*See* Declaration

13 of Diane Martinez ("Martinez Decl."), ¶ 7.)

14 On December 16, 2020, the parties appeared via telephone for the Rule 26

15 Conference of Counsel.  (*See* Martinez Decl., ¶ 8.)  As discussed and agreed to by

16 all parties at the Rule 26 Conference of Counsel, and later set forth in the Joint Rule

17 26 Report filed by Plaintiff, initial disclosures were to be served no later than

18 December 30, 2020.  (*See* Dkt. No. 44; *See also* Martinez Decl., ¶ 9.)  Accordingly,

19 on December 29, 2020, counsel for Sergeant Inez served all parties, via mail and e-

20 mail, with its initial disclosures on behalf of Sergeant Inez.  (*See* Martinez Decl., ¶

21 10.)

22 On December 29, 2020, counsel for Sergeant Inez also circulated a draft

23 version of the Rule 26 Joint Report along with the Court's Schedule of Pretrial and

24 Trial Dates ("Exhibit A") to all counsel via e-mail.  (*See* Martinez Decl., ¶ 11.)  On

25 December 30, 2020, counsel for Deputy Cerritos circulated her revisions and

26 changes to the Rule 26 Joint Report via e-mail.  (*See* Martinez Decl., ¶ 12.)  Due to

27 his busy schedule, Plaintiff's counsel requested additional time to make his changes

28 and revisions to the Joint Report.  (*See* Martinez Decl., ¶ 13.)  Nevertheless, on

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1    January 4, 2021, Plaintiff provided his changes and revision to the report, and

2    thereafter filed the report with the court.  (*See* Martinez Decl., ¶ 13.)

3        On January 14, 2021, Counsel for Deputy Cerritos served her initial

4    disclosures on behalf of Deputy Cerritos.  (*See* Martinez Decl., ¶ 14.)  Thereafter, on

5    January 15, 2021, after noticing that she did not have Plaintiff's initial disclosures,

6    Counsel for Deputy Cerritos e-mailed Plaintiff's counsel inquiring about its

7    whereabouts.  (*See* Martinez Decl., ¶ 15.)  Plaintiff's counsel responded and advised

8    that he would required a few extra days, and that he would serve the initial

9    disclosures by Monday (January 18, 2021).  (*See* Martinez Decl., ¶ 16.)  After still

10   not having received Plaintiff's initial disclosures, counsel for Sergeant Inez e-mailed

11   Plaintiff's counsel on January 19, 2021 requesting an update on the status of

12   Plaintiff's initial disclosures, and also requested that he provide dates in the month

13   of February for Plaintiff's deposition.  (*See* Martinez Decl., ¶ 17.)  After not hearing

14   from Plaintiff's counsel, counsel for Sergeant Inez sent a follow-up e-mail on

15   January 27, 2021 inquiring as to the status of Plaintiff's initial disclosures and dates

16   for Plaintiff's deposition.  (*See* Martinez Decl., ¶ 18.)  On February 3, 2021,

17   Plaintiff's counsel responded and advised that he would provide "a response in the

18   next couple of days" and "see about depo dates."  (*See* Martinez Decl., ¶ 19.)

19       Again, on February 16, 2021, counsel for Deputy Cerritos e-mailed Plaintiff's

20   counsel and asked about the status of his initial disclosures, but received no

21   response.  (*See* Martinez Decl., ¶ 20.)  Thereafter, on March 9, 2021, counsel for

22   Deputy Cerritos e-mailed Plaintiff's counsel again following up on the status of his

23   initial disclosures and requesting dates for Plaintiff's deposition.  (*See* Martinez

24   Decl., ¶ 21.)  Again, after not hearing from Plaintiff's counsel, counsel for Deputy

25   Cerritos sent a follow-up e-mail to Plaintiff's counsel on March 11, 2021 asking for

26   a status update.  (*See* Martinez Decl., ¶ 22.)  That same day, Plaintiff's counsel

27   finally responded and advised that he was unable to make contact with his client.

28   (*See* Martinez Decl., ¶ 23.)

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-6-

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE  (213) 426-2000

1    Despite the fact that Plaintiff's counsel was unable to locate his client, on

2   March 19, 2021, counsel for Sergeant Inez served Plaintiff's counsel, via mail and e-

3   mail, with a Notice of Deposition of Plaintiff's deposition for April 27, 2021.  (*See*

4   Martinez Decl., ¶ 24.)   After the Notice of Deposition was served, Plaintiff's

5   counsel e-mailed that same day and stated that he was still unable to make contact

6   with his client, and confirmed that his client was not in custody.  (*See* Martinez

7   Decl., ¶ 25.)   Counsel for Sergeant Inez suggested that the deposition remain on

8   calendar for April 27, 2021 while he attempted to locate his client.  (*See* Martinez

9   Decl., ¶ 25.)  However, Plaintiff's counsel then advised that April 27, 2021 would

10   not work due to a schedule conflict.  (*See* Martinez Decl., ¶ 25.)   As a result, on

11   March 24, 2021, counsel for Sergeant Inez responded and requested that Plaintiff's

12   counsel provide alternative dates that worked with his schedule in order to schedule

13   Plaintiff's deposition, and asked Plaintiff's counsel if he was successful in locating

14   his client.   (*See* Martinez Decl., ¶ 26.)   After not receiving a response from

15   Plaintiff's counsel, counsel for Deputy Cerritos sent a follow-up e-mail on April

16   14, 2021.  (*See* Martinez Decl., ¶ 27.)   Plaintiff's counsel finally responded that

17   same day advising that he was still unable to make contact with his client.  (*See*

18   Martinez Decl., ¶ 28.)

19    To date, Plaintiff's counsel has not (1) served his initial disclosures; (2)

20   advised whether he was able to locate his client; or (3) provided alternative dates for

21   Plaintiff's deposition.  (*See* Martinez Decl., ¶ 29.)

22   **III.   LEGAL STANDARD.**

23    *Federal Rules of Civil Procedure*, Rule 41(b), provides that a defendant may

24   move for dismissal of the action or of any claim against the defendant "for failure of

25   the plaintiff to prosecute" the action or to comply with the Federal Rules of Civil

26   Procedure or any order of the court. FRCP 41(b); See also *Hearns v. San*

27   *Bernardino Police Dept.,* 530 F.3d 1124, 1129 (9th Cir. 1993).  Either the entire

28   action or only claims against the moving defendant may be so dismissed.  FRCP

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1    41(b).  Although analyzed under similar standards, there are three distinct grounds

2    for involuntary dismissal under Rule 41(b) – failure to prosecute, failure to comply

3    with the Federal Rules of Civil Procedure, and failure to comply with court orders.

4    FRCP 41(b).  With respect to a motion to dismiss for failure to prosecute under Rule

5    41(b), the court has inherent power to dismiss *sua sponte* for delay in prosecution in

6    order to "achieve the orderly and expeditious disposition of cases."  *Olivia v.*

7    *Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

8    **IV.    THE COURT SHOULD GRANT DEFENDANTS' MOTION TO**

9    **DISMISS THIS ACTION WITH PREJUDICE FOR PLAINTIFF'S**

10   **FAILURE TO PROSECUTE THIS ACTION.**

11       Rule 41(b) provides for dismissal of an action or of any claims for plaintiff's

12   failure to prosecute the action.  *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th

13   Cir. 1976).   The courts have read Rule 41(b) to require federal actions to be

14   prosecuted with "reasonable diligence" in order to avoid dismissal.   *Id.* at 524.

15   Because a presumption of prejudice arises from plaintiff's unexplained failure to

16   prosecute, Plaintiff has the initial burden of showing a nonfrivolous explanation for

17   the delay.  *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002).  If

18   plaintiff provides a nonfrivolous excuse, the burden shifts to the defendant to

19   produce evidence of *prejudice* from the delay.  *Nealey v. Transportation Maritima*

20   *Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980).  If such prejudice is shown,

21   the burden shifts back to plaintiff to show that the force of its excuse *outweighs* any

22   prejudice to defendant. *Id.*  Before dismissing an action with prejudice, a court must

23   weigh several factors: (1) the public's interest in expeditious resolution of litigation;

24   (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

25   (4) the public policy favoring disposition of cases on their merits; and (5) the

26   availability of less drastic sanctions."  *Dahl v. City of Huntington Beach*, 84 F.3d

27   363, 366 (9th Cir. 1996).  The length of time the case has been pending is an

28   important factor, and where the case is "young," stronger grounds for dismissal must

be shown.  *Laurino*, *supra*, 279 F.3d 750, 753.  Also, the length of delay is a crucial consideration in ruling on a motion to dismiss, and the court may consider the entire procedural history of the case, including any delays attributable to the nonmoving party.  *Link v. Wabash R.R. Co.* (1962) 370 U.S. 626, 635.  Nevertheless, the Ninth Circuit has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.  See also *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991).  *Anderson, supra,* 542 F.2d at 525.  Rather the law presumes injury from unreasonable delay. *States S. S. Co. v. Philippines Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970).

In the instant action, Plaintiff's counsel has caused unreasonable delay simply by either failing to respond to emails sent by opposing counsel, or responding days, sometimes weeks, later.  Plaintiff's counsel's lack of attention to litigating this matter has resulted in delays spanning over months.  Furthermore, and perhaps most importantly, Plaintiff has gone missing and cannot be located by her own attorney.  As evidenced by the numerous e-mail exchanges, both counsel for Sergeant Inez and counsel for Deputy Cerritos have sought to notice Plaintiff's depositions.  However, Plaintiff's counsel has admitted numerous times that he is unable to make contact with his client, expressing concerns for her safety and well-being.

Given that Plaintiff is a homeless transient with an admitted substance abuse problem, it is clear that Plaintiff's absence will continue to be a problem even if located at some point in the future.  However, her current absence has resulted in Defendants being unable to litigate this action, namely, by taking her deposition, having her submit to an Independent Medical Examination ("IME") for a psychological evaluation, or propounding written discovery.

Apart from Plaintiff's absence, delays attributable to Plaintiff's counsel have also prevented Defendants from litigating this action in a timely manner.  As previously mentioned, Plaintiff's counsel first appeared as counsel of record on July

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  30, 2020.  To date, no discovery has been conducted due to Plaintiff's counsel's

2  delays in responding to e-mails sent by opposing counsel relating to Plaintiff's

3  initial disclosures and dates for Plaintiff's deposition.  Assuming arguendo that part

4  of the delay is attributed to amending the pleadings, there is no excuse for Plaintiff's

5  counsel's failure in responding to numerous e-mails sent by opposing counsel

6  requesting an update as to status of Plaintiff's initial disclosures, which were to be

7  served no later than December 30, 2020 – nearly five months ago.  (*See* Martinez

8  Decl., ¶ 17.)  Similarly, no excuse can be made for Plaintiff's counsel's failure in

9  responding to various e-mails sent by opposing counsel requesting dates for

10  Plaintiff's deposition, which was first attempted by counsel for Sergeant Inez on

11  January 19, 2021 – nearly five (5) months ago.  (*See* Martinez Decl., ¶ 17.)

12  Plaintiff's counsel's inability to locate his client and communicate with the parties in

13  a timely manner so as to ensure the expeditious litigation of this matter has severely

14  hindered Defendants' ability to litigate this action.  This matter has been pending

15  before the Court since October 17, 2019 (*See* Dkt. No. 1.).  Although Plaintiff was

16  initially *pro se*, what is concerning is that the parties have not engaged in any form

17  of discovery, largely due to the above-outlined delays, since July 30, 2020 – the day

18  Plaintiff's counsel substituted in as Plaintiff's attorney of record.  Accordingly,

19  Defendants' respectfully request that this action be dismissed with prejudice for

20  Plaintiff's failure to prosecute.

21  **V.    THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO**

22  **DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO**

23  **COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE.**

24       Involuntary dismissal with prejudice under Rule 41(b) may also be ordered

25  where a party fails to comply with the Federal Rules of Civil Procedure.  FRCP Rule

26  41(b); See also *Hearns, supra,* 530 F.3d at 1129.  As set forth in *Federal Rules of*

27  *Civil Procedure*, Rule 26, the parties are to make initial disclosures without awaiting

28  a discovery request.  FRCP 26(a)(1).  Unless an objection is made or a different time

1   is set by stipulation or court order, the initial disclosures are due within 14 days after

2   the Rule 26(f) Early Conference of Counsel.  FRCP 26(a)(1)(C).

3          In the instant action, dismissal of Plaintiff's action with prejudice is warranted

4   for Plaintiff's counsel's failure to comply with the initial disclosure requirements set

5   forth in the *Federal Rules of Civil Procedure*.  As set forth above, the parties

6   conducted the Rule 26 Conference of Counsel on December 16, 2021.  During this

7   conference, the parties agreed to make initial disclosures per code, thereby requiring

8   initial disclosures to be made no later than December 30, 2020.  On December 29,

9   2020, counsel for Sergeant Inez served her initial disclosures on behalf of Sergeant

10  Inez.  Thereafter, on January 14, 2021, counsel for Deputy Cerritos served her initial

11  disclosures on behalf of Deputy Cerritos.  However, to date, Plaintiff's counsel has

12  not served initial disclosures on behalf of Plaintiff.

13         On January 15, 2021, the first attempt was made to reach out to Plaintiff's

14  counsel to inquire as to the whereabouts of Plaintiff's initial disclosures.  Thereafter,

15  as evidence by the e-mails attached in support of this motion, countless attempts by

16  both counsel for Sergeant Inez and counsel for Deputy Cerritos were made in order

17  to obtain Plaintiff's initial disclosures.  Now, nearly 5 months after they were due,

18  Plaintiff's counsel ***has still failed*** to serve Defendants with Plaintiff's initial

19  disclosures.  Plaintiff's failure to comply with the initial disclosure requirements of

20  the *Federal Rules of Civil Procedure* has prevented Defendants from ascertaining

21  the identity of Plaintiff's key witnesses and any documents that may support

22  Plaintiff's allegations.  Furthermore, Plaintiff's counsel's delay in serving Plaintiff's

23  initial disclosures has prevented the parties from conducting any form of discovery,

24  namely deposing Plaintiff's identified witnesses and propounding written discovery.

25  As such, Plaintiff's action should be dismissed with prejudice for Plaintiff's failure

26  to comply with the *Federal Rules of Civil Procedure*.

27  **VI.   <u>CONCLUSION</u>.**

28         Based on the forgoing, Defendants respectfully request that this Court grant

1    their Joint Motion to Dismiss for Failure to Prosecute under *Federal Rules of Civil*

2    *Procedure*, Rule 41(b).

3    DATED:  June 1, 2021                HURRELL CANTRALL LLP

4

5

6                                        By:  */s/ Neda Mohammadzadeh*

7                                             THOMAS C. HURRELL
                                              NEDA MOHAMMADZADEH
8                                             Attorneys for Defendant, SERGEANT
                                              INEZ
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000